UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SZATKIEWICZ and KELLY SZATKIEWICZ, Husband and Wife,<br><br>    Plaintiff,<br><br>vs.<br><br>TOWNSHIP OF ANDOVER, ANDOVER TOWNSHIP POLICE DEPARTMENT, THOMAS WALSH, in his official capacities as Councilman and Mayor of the Township of Andover, MICHAEL HANIFAN, in his official capacities as Councilman and Deputy Mayor of the Township of Andover, ROBERT WEBSTER, in his official capacity as a member of the Council of the Township of Andover, CHARLES GROTYOHANN, in his official capacity as a member of the Council of the Township of Andover, PHILLIP A. COLEMAN, individually and in his official capacity as Chief of the Andover Township Police Department, RICHARD W. STEWART, in his official capacity as Administrator of the Township of Andover and JOHN DOES 1-6, fictitious names for individuals as yet unknown,<br><br>    Defendants. | CIVIL ACTION NO:<br><br>**COMPLAINT AND JURY DEMAND** |

**DAVID SZATKIEWICZ and KELLY SZATKIEWICZ**, residing at 6 Buckingham Court, Township of Andover, County of Sussex, State of New Jersey states the following:

### JURISDICTION & VENUE

1. In this action the Plaintiffs assert that they were deprived of rights, privileges, and immunities secured by the Equal Protection Clause of the Fourteenth Amendment of the

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

Constitution of the United States. Plaintiffs further assert that they are entitled to seek redress for this deprivation of rights pursuant to 42 U.S.C. § 1983 and that this court therefore has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Plaintiffs further assert that they were deprived of rights, privileges, and immunities secured by the common law of the State of New Jersey and they invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367 to adjudicate such claims, which claims form a part of the same controversy as the Plaintiffs' federal claims.

3. Venue is proper within this District because the unlawful practices complained of all occurred within the District of New Jersey.

## PARTIES

4. At all times material hereto, plaintiff DAVID SZATKIEWICZ, hereinafter "SZATKIEWICZ" resided at 6 Buckingham Court, Township of Andover, County of Sussex, State of New Jersey. Presently and at all times material hereto he was married and the father of three children and two step-children. Having successfully completed the mandatory program of instruction and training at the New Jersey State Police Academy, SZATKIEWICZ was qualified as a sworn officer in New Jersey and he was awarded a certificate from the New Jersey Police Training Commission in June of 1982. At all times material hereto SZATKIEWICZ was a friend and active political supporter of Andover Township council members David Mosner, Robert Transue, and Michael Salerno. SZATKIEWICZ, Mosner, Transue, and Salerno were often at odds with the Andover councilmen supported by Phillip A. Coleman, Chief of the Andover Township Police Department.

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

5. At all times material hereto, plaintiff KELLY SZATKIEWICZ resided at 6 Buckingham Court, Township of Andover, County of Sussex, State of New Jersey. Presently and at all times material hereto she was and remains married to DAVID SZATKIEWICZ.

6. At all times material hereto, defendant the TOWNSHIP OF ANDOVER was a body politic of the State of New Jersey existing pursuant to N.J.S.A. 40:20-1.2 et seq. It maintains an office at 134 Newton-Sparta Road, Newton, New Jersey 07860.

7. At all times material hereto, defendant ANDOVER TOWNSHIP POLICE DEPARTMENT was a public entity which acted under the color of state law pursuant to N.J.S.A. 52:17B-120 et. seq. as a duly constituted subpart of Andover Township Government. It maintains an office at 134 Newton-Sparta Road, Newton, New Jersey 07860.

8. At all times material hereto, defendant THOMAS WALSH ("WALSH"), held the positions of Mayor of the Township of Andover and Andover Township Councilman and acted under color of state authority in the discharge of the duties and functions of his official positions. Upon information and belief, he maintains an office at 134 Newton-Sparta Road, Newton, New Jersey 07860. He is named in his official capacities only.

9. At all times material hereto, defendant MICHAEL HANIFAN ("HANIFAN"), held the positions of Deputy Mayor of the Township of Andover and Andover Township Councilman and acted under color of state authority in the discharge of the duties and functions of his official position. Upon information and belief, he maintained an office at 134 Newton-Sparta Road, Newton, New Jersey 07860. He is named in his official capacities only.

10. At all times material hereto, defendant ROBERT WEBSTER ("WEBSTER"), held the position of Andover Township Councilman and acted under color of state authority in the discharge of the duties and functions of his official position. Upon information and belief, he

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

maintained an office at 134 Newton-Sparta Road, Newton, New Jersey 07860. He is named in his official capacity only.

11. At all times material hereto, defendant CHARLES GROTYOHANN ("GROTYOHANN"), held the position of Andover Township Councilman and acted under color of state authority in the discharge of the duties and functions of his official position. Upon information and belief, he maintains an office at 134 Newton-Sparta Road, Newton, New Jersey 07860. He is named in his official capacity only.

12. At all times material hereto, defendant PHILLIP A. COLEMAN ("COLEMAN"), held the position of Chief of the Andover Township Police Department and acted under color of state authority in the discharge of the duties and functions of his official position. He maintains an office at 134 Newton-Sparta Road, Newton, New Jersey 07860. He is named in both his official capacity and in his individual capacity.

13. At all times material hereto, defendant RICHARD W. STEWART ("STEWART"), held the position of Administrator of the Township of Andover and acted under color of state authority in the discharge of the duties and functions of his official position. He maintains an office at 134 Newton-Sparta Road, Newton, New Jersey 07860. He is named in his official capacity only.

14. JOHN DOES 1 through 6, are fictitious names for individuals employed in the Township of Andover, the true identity of whom is presently unknown and which will only be ascertained through investigations during the discovery process.

15. JOHN DOES 1 through 6, are fictitious names for individuals employed in the Andover Township Police Department, the true identity of whom is presently unknown and which will only be ascertained through investigations during the discovery process.

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

## PRELIMINARY STATEMENT

16. This action is brought pursuant to 42 U.S.C. 1983, 42 U.S.C. 1985, the First Amendment to the United States Constitution (as enforced through the Civil Rights Act 42 U.S.C. 1983) and related Federal Law which provide for a remedy in Federal Court to address the deprivation of Plaintiff's rights, privileges, and immunities secured by the United States Constitution.

17. The cause of actions alleged seek to protect the right to be free from unlawful employment practices and to redress the deprivation of civil rights under the color or state law and of rights secured by the United States Constitution, the New Jersey Constitution, and the statutory and common laws of the State of New Jersey, and to recover damages, costs, and attorneys fees under 42 U.S.C. 1983 and 1985.

18. The actions (and inactions) and conspiracies alleged herein were engaged in and carried out by all Defendants and officials, agents, employees, and co-conspirators of the Township of Andover and the Andover Township Police Department acting by and through their employees, agents, officials and co-conspirators pursuant to governmental and municipal policy, practice and custom under color of law.

19. Plaintiffs assert that the Township of Andover and the Andover Township Police Department (through the acts of these Defendants) have engaged in repeated violations of the Plaintiffs' rights, privileges, and immunities secured by the United States Constitution and other Federal, State and common laws by engaging in conduct which includes among other things disparate promotion, employment decisions and discipline. The Defendants have also retaliated against SZATKIEWICZ for his association with (and befriending of) members of the Andover Township Council. Such retaliation has taken the form of inequitable treatment (or employment

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

decisions), disparate promotion and discipline, verbal taunts, defamatory statements, and the intentional infliction of emotional distress.

## FACTUAL ALLEGATIONS

20.  Presently and at all times throughout his career, SZATKIEWICZ has maintained an exemplary professional record which is reflective of superior performance both in his training and in the discharge of his duties as a law enforcement and corrections officer. Immediately following his graduation from the New Jersey State Police Academy, SZATKIEWICZ commenced employment with the Bayonne Police Department, where he was the recipient of several professional commendations recognizing exemplary service. In 1987, SZATKIEWICZ joined the New Jersey State Police as an inspector in the Alcoholic Beverage Enforcement Bureau. In this capacity, SZATKIEWICZ received a commendation from his superintendent for heading an investigation which yielded 54 arrests. In 1991, SZATKIEWICZ accepted a position with the New Jersey Department of Corrections (NJDOC), and as a member of that Department, received the award for academic excellence from the NJDOC Academy. Since leaving the NJDOC to return to law enforcement as an officer in the Andover Township Police Department, Plaintiff has received the Mothers Against Drunk Driving (MADD) Award, which recognizes DWI arrests, on 4 separate occasions.

21.  In addition to receiving the aforementioned professional recognition, SZATKIEWICZ had maintained an excellent disciplinary record. In fact, with the exception of one minor incident in 1982, SZATKIEWICZ had been neither charged nor internally disciplined by any department for which he worked prior to the campaign of harassment being inflicted upon him as an employee of the Andover Township Police Department.

URKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289

973-244-9969

22. In early 2003, immediately preceding COLEMAN's promotion to Chief of the Andover Township Police Department, SZATKIEWICZ began suffering continuous actual economic and dignitary harm including, but not limited to, repeated internal disciplinary action, relief from certain desirable assignments, harassment, and exclusion from consideration for promotion. In each instance, COLEMAN was motivated in the discharge of his authority predominantly, if not exclusively, by an improper and detrimental animus toward SZATKIEWICZ.

23. Despite SZATKIEWICZ's impeccable professional record, he has been subjected to countless and meritless internal affairs investigations and department charges since COLEMAN was promoted to Chief of Police. On each occasion, the charges have been pursued by COLEMAN with zeal unseen in charges involving other similarly situated members of the department. In fact, while at least 26 documented complaints and various other undocumented complaints have been filed against other department personnel, only SZATKIEWICZ has been investigated or disciplined. The charges filed and discipline imposed upon SZATKIEWICZ have had no basis in fact, law or department policy. Rather, they have been designed by COLEMAN and others to prevent SZATKIEWICZ from advancing within the Andover Township Police Department.

24. COLEMAN's improper treatment of SZATKIEWICZ has not been limited to disciplinary action, but has instead pervaded nearly every aspect of his professional relationship with SZATKIEWICZ. A clear motivating factor of this treatment was SZATKIEWICZ's support of Andover Township Council (the "Council") members Mosner, Transue, and Salerno, which support has at all times material hereto been open, notorious, and well-known among SZATKIEWICZ's wide circle of family, friends, colleagues, acquaintances, and others in the

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

community. SZATKIEWICZ's political involvement was not only lawful, but was in keeping with the finest traditions of American democracy.

25.　In fact, in or around May of 2005, COLEMAN told SZATKIEWICZ in a private meeting that SZATKIEWICZ had "hitched his cart to the wrong horses" with respect to his support for Council members Mosner, Transue, and Salerno. COLEMAN also stated in the meeting that SZATKIEWICZ would never go anywhere in his career as long as COLEMAN had anything to say about it.

26.　Additionally, on numerous occasions when adverse action was taken against SZATKIEWICZ, COLEMAN would advise SZATKIEWICZ "you can thank your friend Transue for that."

27.　COLEMAN has also gone to great lengths to ensure that SZATKIEWICZ does not receive accolades for his police work. In one particular instance in or about May of 2005 SZATKIEWICZ had conducted an investigation of a string of gun thefts from local sporting goods stores. After substantial investigation and commendable police work, SZATKIEWICZ developed a suspect and sought and received permission from COLEMAN to make an arrest. Within minutes after granting such permission, however, COLEMAN called SZATKIEWICZ back to police headquarters and informed him that he was being taken off the case. No reason or explanation was given for this decision.

28.　A similar deprivation of desirable responsibility had occurred in 2002, when SZATKIEWICZ was relieved by COLEMAN of his position as Department Warrant Officer, a position which he had held since joining the department. Again, no explanation was given for the decision.

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

29. Furthermore, in or around November of 2007, COLEMAN took improper steps to prevent SZATKIEWICZ from earning overtime to which he was entitled. Specifically, he refused to fill open shifts with overtime because he believed SZATKIEWICZ would work them and COLEMAN wished to deprive SZATKIEWICZ of the opportunity to do so.

30. Additionally, COLEMAN's disdain for SZATKIEWICZ was evidenced further by his decision to advise SZATKIEWICZ in or around May of 2007 that he was not welcome at the funeral services of deceased Andover Township Police Department sergeant Harry Kinney, while requiring other members of the department to attend the services.

31. In addition to such affirmative acts, at all times material hereto, COLEMAN refused to provide SZATKIEWICZ with any additional training or substantive responsibility which might have been beneficial to him in advancing his career.

32. Notwithstanding the fact that SZATKIEWICZ was eligible and in a position to be promoted to a rank of sergeant, COLEMAN made certain that SZATKIEWICZ would not receive such a promotion.

33. For example, in or around March of 2003, SZATKIEWICZ was passed over for promotion to sergeant. The Andover Township Council stated that SZATKIEWICZ had not received the promotion due to family related issues; specifically, SZATKIEWICZ and his wife had recently separated. Notwithstanding this fact, when reporting SZATKIEWICZ's failure to obtain the promotion, COLEMAN advised the New Jersey Department of Personnel (NJDOP) that the denial was merit-based. This statement was false.

34. Subsequently, COLEMAN, desirous of having his favored employees promoted to the rank of sergeant, went before the Council on several occasions to express his need for more supervisory support. Upon learning that SZATKIEWICZ was eligible and in line for the

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

promotion, COLEMAN withdrew his requests and in fact actively campaigned against the promotion.

35. The issue of supervisors within the department again became an issue in 2005. SZATKIEWICZ in his capacity as FOP lodge president spoke with local newspapers and township Council of the need for additional supervisors within the department. In an effort to prevent SZATKIEWICZ from obtaining the promotion, COLEMAN continued on his campaign to discipline and harass SZATKIEWICZ and tarnish his reputation.

36. Additionally, as a result of the fact that SZATKIEWICZ remained vocal on the issue, he drew the ire of Township Councilman-elect WEBSTER, who joined in the campaign to disparage SZATKIEWICZ by writing a letter to the editor of a local newspaper calling for SZATKIEWICZ to be severely punished for speaking with the New Jersey Herald while acting as FOP lodge president.

37. Finally, in December of 2005, the town Council, being of the opinion that additional supervisory personnel were required, promoted SZATKIEWICZ to the rank of sergeant. This decision, which was made at the next to last meeting of the Council on which Mosner, Transue, and Salerno sat, was not endorsed by COLEMAN, who spoke out against it at a department meeting. In fact, COLEMAN hired legal counsel in an effort to oppose SZATKIEWICZ's promotion.

38. Subsequent to SZATKIEWICZ's promotion, COLEMAN refused to acknowledge SZATKIEWICZ's status as sergeant, refusing to assign him sergeant's duties and denying him sergeant's badges and certain keys to department offices. SZATKIEWICZ wrote two letters to COLEMAN requesting these privileges but was denied on both occasions. Furthermore,

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

COLEMAN met with SZATKIEWICZ and suggested that he was not entitled to the promotion and should refuse to accept it.

39. On January 3, an organization meeting was held by the Andover Township council, at which the new members of the Township Council were sworn and a new Mayor and Deputy Mayor were appointed. The majority of the new town council, which included WALSH, HANIFAN, and GROTYOHANN, were allies of COLEMAN. After having failed to give any notice to SZATKIEWICZ that his employment would be discussed at this meeting, and under circumstances which would appear to violate the New Jersey Open Public Meetings Act, the Council voted to rescind the resolution passed in December of 2005 promoting SZATKIEWICZ to the rank of sergeant, thereby demoting him to the rank of patrolman.

40. Notwithstanding the fact that COLEMAN had succeeded in having SZATKIEWICZ's promotion rescinded, his campaign to tarnish the reputation and hinder the career of SZATKIEWICZ has continued. There presently remain two outstanding grievances, both of which lack merit. Despite SZATKIEWICZ's requests for documentation with regard to same, COLEMAN has refused or failed to provide such documentation.

41. Furthermore, upon information and belief, COLEMAN has on numerous occasions made comments to other member of the department that it is time that SZATKIEWICZ retire.

## FIRST COUNT
### (Federal Civil Rights – Freedom of Association)

42. SZATKIEWICZ repeats and realleges each and every allegation of paragraphs 1-41 as if fully set forth herein.

43. At all times material hereto each Defendant was an agent, employee or servant of the Township of Andover and/or the Andover Township Police Department and was acting or

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

attempting to act under the color of local government authority in regard to that which they have done.

44. Defendants violated SZATKIEWICZ's rights to freedom of speech and association guaranteed by the First Amendment to the United States Constitution. Defendants' conduct was motivated by political discrimination, political patronage and actual animus. Defendants' conduct was in direct retaliation for SZATKIEWICZ's conduct which was protected by the First Amendment and violated his rights of freedom of speech, of political belief, assembly and association. Defendants are liable to SZATKIEWICZ pursuant to 42 U.S.C. 1983. The Defendants exhibited a reckless and callous indifference to SZATKIEWICZ's rights through their actions.

45. As a result of Defendants' wrongful conduct, SZATKIEWICZ has been deprived of the rights, privileges and immunities guaranteed by the United States Constitution and other laws, has lost wages and benefits, and other emoluments of the position denied. SZATKIEWICZ has sustained injury to his reputation and to his employability. SZATKIEWICZ has also suffered emotional distress, pain, and suffering. Further, SZATKIEWICZ has been compelled to retain an attorney to vindicate his rights. Additionally, SZATKIEWICZ has been otherwise injured.

WHEREFORE, SZATKIEWICZ demands judgment against the Defendants for damages together with interest, attorney's fees, and costs of suit.

## SECOND COUNT
**(Federal Civil Rights – Equal Protection/Due Process)**

46. SZATKIEWICZ repeats and realleges each and every allegation of paragraphs 1-45 as if fully set forth herein.

47. At all times material hereto each Defendant was an agent, employee or servant of the Township of Andover and/or the Andover Township Police Department and was acting or

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

attempting to act under the color of local government authority in regard to that which they have done.

48. Defendants violated SZATKIEWICZ's rights guaranteed by the Fourteenth Amendment to the United States Constitution. SZATKIEWICZ was deprived of equal protection and his right to procedural and substantive due process rendering Defendants liable to SZATKIEWICZ pursuant to 42 U.S.C. 1983. The Defendant exhibited a reckless and callous indifference to SZATKIEWICZ's rights through their actions.

WHEREFORE, SZATKIEWICZ demands judgment against the Defendants for damages together with interest, attorney's fees, and costs of suit.

## THIRD COUNT
**(New Jersey Constitutional Rights, Article I, Para. 6, 18, and 19)**

49. Plaintiffs repeat each and every allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

50. At all times material hereto each Defendant was an agent, employee or servant of the Township of Andover and/or the Andover Township Police Department and was acting or attempting to act under the color of local government authority in regard to that which they have done.

51. Defendants' conduct violated SZATKIEWICZ's constitution rights to freedom of speech, assembly and association, as guaranteed by Article I, paragraph 6, 18, and 19 of the New Jersey Constitution.

WHEREFORE, SZATKIEWICZ demands judgment against the Defendants for damages together with interest, attorney's fees, and costs of suit.

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

## FOURTH COUNT
### (New Jersey Constitutional Rights, Article I, Para. 1)

52. SZATKIEWICZ repeats and realleges each and every allegation of paragraphs 1-51 as if fully set forth herein.

53. At all times material hereto each Defendant was an agent, employee or servant of the Township of Andover and/or the Andover Township Police Department and was acting or attempting to act under the color of local government authority in regard to that which they have done.

54. Defendants conduct violated SZATKIEWICZ's constitution rights to own and enjoy property interests except when deprived by due process of law and his rights to be afforded equal protection of the laws as guaranteed by Article I, paragraph 1 of the New Jersey Constitution.

WHEREFORE, SZATKIEWICZ demands judgment against the Defendants for damages together with interest, attorney's fees, and costs of suit.

## FIFTH COUNT
### (Conspiracy to Violate 42 USC 1983)

55. SZATKIEWICZ repeats and realleges each and every allegation of paragraphs 1-54 as if fully set forth herein.

56. At all times material hereto each Defendant was an agent, employee or servant of the Township of Andover and/or the Andover Township Police Department and was acting or attempting to act under the color of local government authority in regard to that which they have done.

57. Defendants intentionally and wrongfully engaged in a civil conspiracy to deprive SZATKIEWICZ of his rights, privileges and immunities guaranteed by the United State's

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

Constitution and other federal and state laws, to harass SZATKIEWICZ and subject him to a hostile work environment. As a direct foreseeable and proximate result of the intentional actions of Defendants, SZATKIEWICZ has suffered and will continue to suffer damages including but not limited to lose of pay and benefits, severe emotional distress, humiliation, embarrassment physical harm, and severe anxiety.

WHEREFORE, SZATKIEWICZ demands judgment against the Defendants for damages together with interest, attorney's fees, and costs of suit.

### SIXTH COUNT
### (Punitive Damages)

58.  SZATKIEWICZ repeats and realleges each and every allegation of paragraphs 1-57 as if fully set forth herein.

59.  At all times material hereto each defendant was an agent, employee or servant of the Township of Andover and/or the Andover Township Police Department and was acting or attempting to act under the color of local government authority in regard to that which they have done.

60.  At all times material hereto, each defendant, acting in concert with one another and for their benefit as hereinabove identified, while either performing or failing to perform the acts as set forth above, was motivated by either actual malice or, in the alternative, each defendant acted with such wanton disregard and gross negligence that their conduct amounted to malice.

61.  As hereinabove outlined, each defendant, acting in concert with one another, deprived SZATKIEWICZ of the rights and privileges secured to him by law with the intent to harm SZATKIEWICZ, which it did, and continues to do.

WHEREFORE, SZATKIEWICZ demands judgment against the Defendants for damages together with interest, attorney's fees, and costs of suit.

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

## SEVENTH COUNT
### (Intentional Infliction of Emotional Distress)

62. SZATKIEWICZ repeats and realleges each and every allegation of paragraphs 1-61 as if fully set forth herein.

63. At all time material hereto, each Defendant, acting in concert with one another and for their benefit, as hereinabove identified, intended to commit the aforementioned acts, which proximately caused severe emotional distress to SZATKIEWICZ. Their conduct was extreme and outrageous and was undertaken intentionally, maliciously and in reckless disregard of SZATKIEWICZ's sensibilities and an abuse of their authority as government actors.

64. Such conduct on the part each defendant, acting in concert with one another, was so severe that no reasonable person could be expected to endure it.

WHEREFORE, SZATKIEWICZ demands judgment against the Defendants for damages together with interest, attorney's fees, and costs of suit.

## EIGHTH COUNT
### (Defamation)

65. SZATKIEWICZ repeats and realleges each and every allegation of paragraphs 1-64 as if fully set forth herein.

66. At all times material hereto, each defendant, acting in concert with one another and for their benefit, uttered, in the presence of others who heard the comments, false words accusing SZATKIEWICZ of engaging in prohibited activities. At the time of the utterances each defendant knew, or in the exercise of reasonable care should have known, that the statements were false. Each defendant acted with malice, with wanton disregard for the truth and in gross and deliberate indifference for the truth of the matter. Each defendant intended to damage and did in fact damage SZATKIEWICZ by their conduct.

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

67. Each defendant's false utterances blackened and injured SZATKIEWICZ's reputation for honesty and integrity thereby exposing him to public contempt and ridicule, and to injure and damage.

68. Each defendant's comments were and remain utterly false, malicious and slanderous.

69. By reason of each defendant's conduct in the speaking and publishing of false and slanderous words and statements, SZATKIEWICZ was and is greatly injured and damaged in his good name and reputation, and was and is exposed to public contempt and ridicule, and has been further damaged.

WHEREFORE, SZATKIEWICZ demands judgment the Defendants for damages together with interest, attorney's fees, and costs of suit.

### NINTH COUNT
### (Derivative Claim)

70. Plaintiff, KELLY SZATKIEWICZ, repeats and realleges each and every allegation of paragraphs 1-69 as if fully set forth herein.

71. KELLY SZATKIEWICZ is the wife of DAVID SZATKIEWICZ. As a result of the trauma sustained by the plaintiff, DAVID SZATKIEWICZ, the plaintiff, KELLY SZATKIEWICZ has been obligated, and will be obligated for a long period into the future to attend to the plaintiff, DAVID SZATKIEWICZ and to do so will require that she refrain from engaging in previous activities, pursuits, vocations, and other actions all to her detriment which but for the defendants' collective negligence she would have continued.

WHEREFORE, plaintiff, KELLY SZATKIEWICZ, individually demands judgment on this count for damages against the Defendants each of them and all of them together with interest and costs of suit.

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiffs hereby demand trial by jury on all issues.

                      **DURKIN & DURKIN, LLP**
                      Attorneys for Plaintiffs

By: _____
                      Gregory F. Kotchick (9878)
                      Durkin & Durkin, LLP
                      1120 Bloomfield Avenue
                      P.O. Box 1289
                      West Caldwell, New Jersey 07007
                      (973) 244-9969

Dated: January 3, 2008

DURKIN & DURKIN, LLP
ATTORNEYS AT LAW
1120 BLOOMFIELD AVENUE
P.O. BOX 1289
WEST CALDWELL, NJ 07007-1289
973-244-9969